**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
COURTNEY STEPHENS,              :
                                : Civil Action No.
            Petitioner,         : 13-4295 (FSH)
                                :
        v.                      : **MEMORANDUM OPINION**
                                :
OSCAR AVILES et al.,            :
                                :
            Respondents.        :
_____:

**Faith S. Hochberg**, District Judge:

This matter comes before the Court upon Petitioner's application ("Petition") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF. No. 1.) Petitioner, an alien detainee, is a native and citizen of Jamaica. (Pet. at 3.) Petitioner asserts that, on September 14, 2012, Petitioner was taken into the custody of immigration authorities. (See id.) Petitioner also asserts that Petitioner was ordered removed by an immigration judge on May 9, 2013, and is now in the process of appealing that order to the Board of Immigration Appeals. (See id.) As of now, Petitioner has been in custody for approximately

___

[1] The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where Petitioner is being held. See Rumsfeld v. Padilla, 542 U.S. 426 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994). However, since the Petition is being dismissed, the Court finds no need to direct the Clerk to terminate all improperly named Respondents.

ten months in connection with both Petitioner's removal proceedings and appeal.

Pre-removal detention is governed by 8 U.S.C. § 1226 and case law thereunder. Section 1226 permits, and in the case of aggravated felonies mandates, detention during the immigration proceedings. See, e.g., Demore v. Kim, 538 U.S. 510, 523 (2003) ("detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

However, the Due Process Clause of the United States Constitution impliedly dictates that a detention may become so prolonged that the detainee is entitled to a hearing at which the government must prove that continued detention is justified. See Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011); see also Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). But Diop explicitly declined to adopt a rule that a hearing would presumptively be required after a certain number of months of pre-removal detention. Rather, the reasonableness of pre-removal detention depends on the facts of the individual case. That reasonableness determination hinges on the length of the delay and the reasons for the delay, including "a given individual detainee's need for more or less time, as well as the exigencies of a particular case." Id. at 234. Therefore, a court will consider, for example, the extent to which delays were attributable to the detainee's requests for adjournments or,

alternatively, to the immigration judge's errors or the government's sluggishness in obtaining evidence.  See id.

Although there is no rigid time restriction, a range of acceptable delay can be divined from case law.  In Demore, supra, the United States Supreme Court upheld a pre-removal detention, without a bond hearing, of about six months.[2]  Diop, on the other hand, found that a pre-removal detention of thirty-five months without a bond hearing was too long.  Similarly, Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), cited with approval in the Third Circuit, upheld a thirty-six month pre-removal detention. See Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009) (relying upon Prieto-Romero to uphold, as reasonable, a nineteen-month pre-removal delay caused primarily by pending removal proceedings and the alien's requests for adjournments).  And, in Bulatov v. Hendricks, this Court upheld a thirty-month detention.  See Civ. No. 11-845, 2012 U.S. Dist. LEXIS 143671, at *19 (D.N.J. Oct. 4,

---

[2] Indeed, courts in this District have held that pre-removal detentions under twelve months are, generally, not unreasonable. See, e.g., Bete v. Holder, Civ. No. 11-6405, 2012 U.S. Dist. LEXIS 43438, at *1 (D.N.J. Mar. 29, 2012) (denying relief where petitioner "filed his § 2241 Petition when he was detained for only six months and his current detention of 12 months has not become unreasonable in length"); Maynard v. Hendrix, Civ. No. 11-605, 2011 U.S. Dist. LEXIS 142435, at *11 (D.N.J. Dec. 12, 2011) (denying habeas relief and observing that "Petitioner filed his Petition approximately seven months after entering immigration detention, only a short time longer than the petitioner in Demore was detained, a period clearly not unreasonable . . . . By the time Respondent answered the Petition and moved to dismiss, approximately eleven months had elapsed").

3

2012).

Here, Petitioner has been held in confinement for approximately ten months. Fewer than eight of these months were consumed by Petitioner's removal proceedings, and only a few weeks can be attributed to the appellate proceedings that were only recently initiated.[3] Nothing in the Petition suggests undue procrastination by the government or errors by the immigration judge that led to delays.[4] (See, generally, Pet.) In light of the foregoing, the length of Petitioner's pre-removal detention does not offend the due process protections outlined in Demore and Diop. Correspondingly, habeas relief is unwarranted at this juncture. Accord Bete, Civ. No. 11-6405, 2012 U.S. Dist. LEXIS 43438; Maynard, Civ. No. 11-605, 2011 U.S. Dist. LEXIS 142435.

---

[3] Petitioner's speculations as to how long Petitioner's BIA proceedings might take fail to offer a viable ground for relief. See Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 636 (D.N.J. 2008) (dismissing challenges based on hypothetical future developments as speculative and quoting, inter alia, 28 U.S.C. §2241(c)(3), with an observation that "the language of § 2241 is set forth in present rather than in future terms, i.e., it reads: 'The writ of habeas corpus shall not extend to a prisoner unless . . . he is [rather than will be] in custody in violation of the Constitution or the laws or treaties of the United States'").

[4] Petitioner's references to Petitioner's penal confinement also fail to offer a viable basis for relief, since the period Petitioner spent confined in connection with Petitioner's criminal sentence cannot be counted toward Petitioner's detention associated with removal proceedings. Cf. 8 U.S.C. § 1231(a)(1)(B) (the confinement under an immigration process differs from and does not factor into penal detention or confinement).

4

For the foregoing reasons, the Petition will be dismissed without prejudice to Petitioner filing a new and separate petition should Petitioner's continued detention become unreasonably prolonged.[5]

Petitioner's application for appointment of counsel (ECF No.

---

[5] Petitioner's remaining challenges (ECF No. 1, at 12-22) are deficient. While Petitioner's Ground Two raises an equal protection claim, nothing in the Petition suggests that other Section (c) alien detainees, whose claims are insufficient under Diop, have been provided with bond hearings. Hence, the Court has no basis to presume that Petitioner was discriminated against on the basis of being a member of a protected class, or irrationally singled out as a "class of one" treated differently from all others similarly situated. See Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008). Petitioner's Grounds Three, Four and Five raise challenges based on Zadvydas v. Davis, 533 U.S. 678 (2001). However, Zadvydas applies only to the aliens held under final orders of removal, and Petitioner's order of removal is not yet finalized. Petitioner's Ground Six raises a challenge that is facially meritless under Sylvain v. Attorney General of the United States, 714 F.3d 150 (3d Cir. 2013). See id. at 158-59 (holding alien ineligible for a bond hearing because the United States did not lose its authority to subject the alien to mandatory detention, under 8 U.S.C. § 1226(c), by virtue of the delay between his release and detention). Petitioner's Ground Seven, asserting that Petitioner's detention is unlawful because Petitioner has a "substantial challenge to removal" is unavailing since: (1) Petitioner failed to clarify why such challenge to removal is "substantial," see Maynard, Civ. No. 11-605, 2011 U.S. Dist. LEXIS 142435; and, in any event, (2) the Court of Appeals in Diop declined to adopt the "substantial challenge" rule suggested by the dissenting Ninth Circuit judge in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005). Finally, Petitioner's conditions of confinement challenges raised in Grounds Eight and Nine are not cognizable in habeas review. See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) (challenges to conditions of confinement are not cognizable in habeas review); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate").

2) will be denied as moot.

An appropriate Order follows.

                                        s/ Faith S. Hochberg
                                        **Faith S. Hochberg,**
                                        **United States District Judge**

Dated: August 27, 2013